IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY FREDERICK ALLEN, # 366613,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0526-R |
| | ) | |
| **HONORABLE JOHN NELMS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Ramsey I Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Defendants are State District Court Judge John Nelms, and Appointed Magistrate Judge Fred C. McDaniel. The magistrate judge has not issued process in this case.

Statement of Case: The complaint challenges Judge Nelms' practice of referring state habeas applications, under art. 11.07, Tex. C. Crim. P., to Defendant McDaniel for fact finding and for preparation of findings, conclusions and recommendation for the district judge's

signature. Plaintiff alleges that the routine referral of his art. 11.07 applications to Defendant McDaniel during the last six years violated his procedural and substantive due process rights. He requests declaratory relief.[1]

Findings and Conclusions:   Although Plaintiff paid the $250.00 filing fee, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

---

[1] Plaintiff's last two state habeas applications, Nos. WR-4,121-08 and -09, are presently pending before the Texas Court of Criminal Appeals. See Texas Court of Criminal Appeals Official Web site, http://www/cca/courts.state.tx.us/opinions/case.asp?FilingID=232263 and 232264.

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.  42 U.S.C. § 1983.

The conduct of which Allen complains relates to collateral proceedings which he has initiated in a Texas state court attacking a state imposed criminal conviction.  However, neither the United States Constitute nor federal statutes require a state to provide an avenue for collateral attacks on state convictions.  This fact is clearly recognized in 28 U.S.C. § 2254(b)(1) (B)(i) which relieves a state inmate from seeking relief in the state court ("the exhaustion requirement") when no State corrective process exists.  Therefore, the procedures followed by Judge Nelms in the disposition of Allen's art. 11.07 applications are not matters which are cognizable in a federal court action.  Moreover, in the context of § 2254 petition it is well settled that "infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court."  Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999) (quoting Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.1997)) (internal quotation marks omitted); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir.1992); Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir.1987); see also Vail v. Procunier, 747 F.2d 277, 277 (5th Cir.1984); Tijerina v. Estelle, 692 F.2d 3, 6 n. 2 (5th Cir. 1982).  This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself."  Rudd v. Johnson, 256 F.3d 317, 320 (5th Cir.2001).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

A copy of this recommendation will be mailed to Plaintiff Billy Frederick Allen, #366613, TDCJ, Ramsey Unit, 1100 FM 655, Rosharon, Texas 77583.

Signed this 20th day of June, 2005.

_____
WM. F. SANDERSON
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.